**Electronically Filed
Intermediate Court of Appeals
30022
13-MAY-2011
08:29 AM**

NO. 30022

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BONNIE MACLEOD KAKINAMI, Plaintiff-Appellee, v.
AARON K.H. KAKINAMI, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-D NO. 06-1-0040)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant Aaron K.H. Kakinami (**Aaron**),
appearing *pro se*, appeals from the following post-decree orders
and judgment of the Family Court of the Fifth Circuit (**Family
Court**): (1) the July 24, 2009 "Order Denying Defendant Aaron
K.H. Kakinami's Motion and Affidavit for Order to Show Cause and
Relief after Order or Decree"; (2) the October 14, 2009 "Order Re
Defendant's Motion to Enforce Complete Performance By Plaintiff
Re Division of Assets and Debts after Entry of Bifurcated Divorce
Judgment Filed October 7, 2009"; and (3) the Judgment entered on
October 14, 2009.[1]

On appeal, Aaron asserts that: (1) the Family Court
lacked jurisdiction to enter the post-decree orders, which he
contends modified the Supplemental Divorce Decree Re Division of
Assets and Debts After Entry of Bifurcated Divorce Judgment

---

[1] The Honorable Calvin K. Murashige presided.

entered on October 7, 2008 (**Supplemental Decree**), which followed the October 1, 2007 bifurcated divorce decree dissolving the marriage between Aaron and Plaintiff-Appellee Bonnie MacLeod Kakinami (**Bonnie**) and granting certain other relief (**Bifurcated Decree**); and (2) the Family Court lacked jurisdiction and otherwise erred when it granted an attorney's charging lien against Aaron's award of the marital estate.

Upon a thorough review of the record and the briefs submitted by the parties, and having duly considered the issues and arguments raised on appeal, as well as any authorities relevant thereto, we resolve Aaron's contentions as follows:

(1) Generally, once a party files a notice of appeal, the lower court is divested of jurisdiction to proceed further on the matter. Lowther v. Lowther, 99 Hawai'i 569, 578, 57 P.3d 494, 503 (App. 2002). In addition, Hawaii Revised Statutes (**HRS**) § 580-56(d) (2006) deprives the Family Court of jurisdiction to redistribute or modify property division following one year after the entry of a decree or order reserving final property distribution. However, under both Lowther and HRS § 580-56(d), the Family Court retains jurisdiction to enforce its judgments and decrees. Id.; Richter v. Richter, 108 Hawai'i 504, 506-07, 122 P.3d 284, 286-87 (App. 2005).

The post-decree orders and judgment filed July 24, 2009 and October 14, 2009: (1) reaffirm that the transfer of Bonnie's quitclaim deed must occur simultaneously with the exchange of her share of the equity, and order that this be done via escrow, and (2) confirm the remaining amounts Aaron owes Bonnie, taking into account his receipt of the AXA annuity and Lockwood & Hartley's charging lien.

Aaron argues that the first function impermissibly modifies the Supplemental Decree. We disagree. The Bifurcated Decree awards the marital residence to Aaron and expressly requires a simultaneous exchange. Aaron failed to deposit

Bonnie's share into escrow and, as a result, Bonnie did not quitclaim her interest. Although the Supplemental Decree does not expressly state that a simultaneous exchange is required, it substantially reiterates the award of the marital residence to Aaron as set forth in the Bifurcated Decree. It updates the mortgage and value figures, but it does not accomplish a new division of the marital residence. It clarifies that pursuant to final property distribution, Aaron may offset Bonnie's share of the equity with his share of the marital estate. The subsequent order specifying a particular manner of transfer pertains to enforcement, not property redistribution. In order to enforce the Supplemental Decree, the Family Court had to interpret its provisions. The Family Court's interpretation is consistent with the language of the decree and with the numerous prior orders concerning the transfer of the marital residence. The Family Court's interpretation does not undermine or modify the decree.

Aaron also argues that following the expiration of the one-year deadline under HRS § 580-56(d), Bonnie must be compelled to transfer outright her interest in the residence because it is no longer part of her personal estate, citing Richter, 108 Hawai'i 504, 122 P.3d 284. Richter is inapposite. The decrees in this case do not require a unilateral transfer of the residence to Aaron; rather Aaron's award of the residence is subject to his buy-out of Bonnie's share, the value of which was fixed in the Supplemental Decree.

As to the second function, the October 14th order and judgment merely reconcile the remaining amounts owed and do not alter property distribution in any way. The order recognizes that Aaron had been permitted to offset the debt with his share of the marital property, but failed to do so. As a result, it directs entry of judgment against Aaron and orders the preparation of Qualified Domestic Relations Orders to effectuate the division of the remaining retirement accounts. This is

3

wholly consistent with the award of property set forth in the Supplemental Decree.

Accordingly, we conclude that the Family Court did not exceed its jurisdiction in entering the post-decree orders and judgment.

(2) Aaron argues that the Family Court lacked jurisdiction to approve his attorney's charging lien against him in this case; rather, Aaron argues that his attorney was required to proceed by assumpsit pursuant to HRS § 607-14. Although Aaron's argument is unclear, it appears that he might be arguing that his attorney was required to file a separate action against him. Aaron's arguments are without merit. The Family Court did not err in applying HRS § 507-81 when it evaluated counsel's motion for a charging lien. Aaron cites no authority for his further argument that the Family Court proceeded improperly by granting the request for the charging lien separately from the approval of a specific lien amount, after the submission of an affidavit and exhibits, if any, setting forth the work performed and the fees owed.

Based on the foregoing, we conclude that the Family Court did not err in entering the post-decree orders entered on July 24 and October 14, 2009, and we affirm the Family Court's judgment entered on October 14, 2009.

DATED: Honolulu, Hawai'i, May 13, 2011.

On the briefs:

Aaron K.H. Kakinami
Pro Se Defendant-Appellant

Steven L. Hartley
Seth R. Harris
for Hartley & McGehee, LLP

Chief Judge

Associate Judge

Associate Judge

4